Good morning counsel. May it please the court. My name is David Teel and I represent Mr. Kyle Matthew Thompson. I will try to watch the clock and I will attempt to save approximately three minutes of time. All right. As this court knows, Mr. Thompson's first trial ended in a hung jury when a reasonable and rational jury concluded that the government's evidence was insufficient. Now... But they were unable to reach a verdict. They didn't reach any conclusion. Correct. They were unable to reach a verdict. There was no known conclusion. Correct. Now, heading into retrial and even prior to the first trial, we have a series of legal errors that are outlined in the briefs that were compounded over time. At retrial, we have a series of cumulative errors that ultimately deprived Mr. Thompson of a right to fair trial. Those decisions of the court took evidence that the jury had heard at the first trial out of their hands and made it so that they were unable to consider that evidence. What's our standard of review on that issue, counsel? I think that if it, I think on the motion and limiting issue, taking the evidence out of the hands, I think the evidentiary component is de novo. And then I think that... An evidentiary ruling is reviewed de novo? I'm sorry, a review of the rules of whether or not the rule is applicable, the rule of evidence is applicable, would be de novo. And then I think that the, it's an abuse of discretion standard on the rest of the analysis. But what did you, what part did you say was de novo? I was under the impression that the review of the, the analysis of whether the rule of evidence would bar the court's ration, would shape the court's rationale, I guess. So you don't think that's abuse of discretion? Unfortunately, I don't have the case. I was reviewing this morning and I thought it was kind of a mixed bag, so I thought there was de novo as to one aspect and then abuse of discretion as to the other. So if the district court applied a rule that didn't, that didn't apply to the situation, that would be a legal error, that would be de novo review in your... That's, that's my understanding. So could you give us an example of, of how that would work, where a district court committed de novo review in applying an evidentiary, a de novo error in applying an evidentiary rule? I think, that's a good question, Judge, for your honor. Well, don't, don't spend your time on it if you, if you don't have an answer. I don't have an, I don't have an example. Why don't, why don't you assume for purposes of your argument that we're looking at this on the basis of abuse of discretion, as most evidentiary issues are, unless you have a case to the contrary. Yes, Judge. Fair enough. So how, how was there an abuse of discretion? If we, if you take it that we're reviewing these evidentiary rulings for abuse of discretion, tell us how the district court abused its discretion. So if we're talking, I think we're moving then to the discussion about the ruling on the motion in Lemonet, which precluded Mr. Thompson from discussing the fact that charters were not brought in Alabama. We, at the first trial, the court heard testimony and evidence that included a very controlled recitation of the fact that Alabama charters were not brought. Mm-hm. The jury in that case was not confused. The court in our case even made comments in ruling on this new motion in Lemonet that the jury, there was no jury confusion. So the court denied, or the court granted the court's motion, or the state or government's motion in Lemonet, but went on to say, well, the caveat here is, you know, I'm going to note for the record that there was not jury confusion that I recall, there wasn't an issue with that. But wasn't that the district court sat through the first trial, heard all the evidence, and then at the second trial decided that the evidence of lack of charges would create perhaps some confusion? Different jury. The past jury wasn't confused ostensibly, but they were unable to reach a verdict. And so maybe the district court, having heard the first trial in the discretion, decided we're going to remove that so as to eliminate any possible confusion. What's wrong with that? Well, I think there was no evidence of that. And I think in this particular case, it was a necessary, it was necessary to allow the jury to hear that because the government's case was premised entirely, not entirely, ostensibly, it was a case based out of Alabama. It was built and investigated by Alabama local authorities. And it was not, it was a traveling case, so it's a 3237A case where they're alleging that the, some intent was formulated in Arizona that was sufficient. That's where we get into the venue issue. Counsel, I, I know my colleague has asked you this indirectly. I just don't know of any authority that buttresses your point that a failure to charge in a separate jurisdiction, in this case Alabama, is somehow, you've got to do that or you're making a clear error. So we get back again to abuse of discretion. As my colleague pointed out, the judge said, look, look at this basically. I think maybe there's created some confusion here. We're not going to hear it this time. That's pure abuse of discretion, is it not? I did not find any cases that were analogous to this case. The case law is generally, what the defendant is attempting to do when they admit this other evidence is usually much more, it's, it's, it's much of a, it's much more questionable. So it's the defendant trying to say, well, I had a plea offer in a case, therefore the government thought I was innocent. It's, in this case, what government opened the door by using the Alabama state investigators, putting them on the stand, having them testify about being the arresting officers of Mr. Thompson. We understand that. I guess, again, the point is you don't have a case that says, in facts like this, that you, the court has to permit that testimony in. So given that fact, then we get down to whether what happened was an abuse of discretion. And I can't think of no case that says that's the case. That's what trial judges are for. They make value judgments. And in this case, the district judge made a judgment clearly within the abuse of discretion standard, to my way of thinking, unless you've got a case that says to the contrary. I do not have a case. I only have the fact that the motion was brought pretrial. It was then renewed twice because the judge initially said, initially denied it mid-trial. It then, more witnesses then took the stand and testified about the local investigation. Very specific things. There was no control. This wasn't a controlled testimony. I'm only speaking for myself, but from my perspective, it might be better to move on, because I don't think this is a winner for you. The only other thing I'd point out with regard to this is that there were also the 12,000 pages of communications that were submitted to the jury. And so that was another reason to allow the fact in that there were no charges brought, because those talked about other bad acts, other potential charges, and they had to issue a limiting instruction, which I believe was insufficient to control that. But, Counsel, as the district court pointed out, decisions whether or not to charge are made for a variety of reasons, some of which have no connection to the strength of the case. So that's a classic discretionary decision, isn't it, for the district court to say that perhaps the charges were not brought for a variety of reasons for a reason that has nothing to do with the strength of the prosecution's case? Yes, Judge, I think that is correct, except that in this case, again, in my reading of these other cases, it's different, because this is Arizona wholesale utilizing the Alabama investigation, their officers. They're putting witnesses on the stand that then testify about other collateral witnesses or officers that did things that aren't even in evidence. The jury is hearing all of this. They're seeing the 404B evidence. They're hearing about bad acts that could be potential crimes, and they're being told, don't worry about that. Don't, you know, that's the classic instruction, and we presume that they follow them. In this particular case, I think this judge had a duty to then step in. All right, Counsel. As my colleague mentioned, you might want to move on to the other issues. I think the next issue would be the venue argument. In this case, venue was contested from the beginning. We have the issue of Mr. Thompson seeking to file a pro se brief on what was labeled as jurisdiction. It was as a layperson, and the court characterized it as a jurisdictional motion. The court granted him leave, and once he grants him leave to file that motion, Wolfie Strinkman instructs that we are to liberally construe, the judge and the court is to liberally construe those pleadings. Mr. Thompson filed a substantive brief. It was characterized as jurisdiction. However, it became very clear, and we cited in the briefs, he directly attacked venue, and that was from the beginning. He then made it clear at the FTMC before the first trial through his counsel that he specifically wanted the 3237A issues preserved for appeal. He wanted them filed on his bill, and he wanted them to track, and he wanted the record made. His counsel then filed his own motion to dismiss, wherein there were also venue provisions. The court denied that, but it still laid the framework for the court's later duty in establishing why it's plain error now for him to not have instructed. During openings and closings, it is abundantly clear that, in part because of the nature of the charges, but also because directly of the arguments or the direct arguments made by counsel, that they were attacking the intent in Arizona and that the core of the acts occurred in Alabama, and that the motivating purpose in the defense mind was not established in Arizona. And that's especially the case for victim JD1, because the evidence, the quantum and quality of that evidence, was much less than it was, arguably, for the victim JD2. Counselor, let me ask you this. What is your best argument that the venue issue has any teeth to it at all? I think... Usually it's just a no-brainer. Why is that a problem in this case? I think that, in this case, we're talking about... It's a... He's entitled, under Article 3 and Sixth Amendment and Rule 18, to a jury in the proper locus where the crime was committed. The crime wasn't committed in Arizona. He was entitled to a jury in Alabama where the age of consent is 16. The age of consent in Arizona is 18. He would have had a materially different jury with a different perspective on the charges filed here. But... And in this case, 8... Go ahead, Judge. But, with respect, Counsel, are you disputing the fact that much of the initial communication from your client occurred in Arizona? No, Judge. There was a substantial amount of communication with victim JD2. There was a dispute about whether or not there were communications with JD1. They were not available at trial. The jury would not hear evidence of that. There were four... It seems to me your argument is, yeah, there's venue in Arizona, but there's also venue in Alabama. Isn't that really what you're saying? That is not my intention. My intention is that there is venue in Alabama only. There is not sufficient evidence regarding intent, motivating purpose, and reasonable belief of age, which would all be required, and were all contested issues at trial. But wasn't this a continuing offense, Counsel, which then the venue would be proper in any jurisdiction within which the offense occurred? It is, provided there was sufficient evidence of his intent in Arizona, and we are submitting that there was not. All right. Do you want to say there may need to be a time for rebuttal? I would, Judge, thank you. Your Honor, sorry. Thank you. Good morning, Your Honors. May it please the Court. Alana Kennedy, appearing for the United States. Kyle Thompson was just out of state prison for an attempted sexual exploitation of a minor charge. He was a registered sex offender when he began communicating with two 15-year-old girls on Facebook. He then drove from Arizona to Alabama in the hopes of having sex with both of them at the same time. So, Counsel, we are aware of the facts. So could you please address the issues that were raised by opposing counsel, the evidentiary issue and then the venue issue? Yes, Your Honor. First, the standard of review for the motion and laminate question is abuse of discretion. That is well settled by this Court, and it's discussed in the Rambo case cited in the government's brief. The difference, my co-counsel, or, excuse me, opposing counsel highlighted what he believes to be a number of differences between the first and second trial that make this motion and laminate more important to the verdict. And there's a number of problems with that. First, there is no evidence that discussion about the absence of state or federal charges in Alabama was ever entered into evidence during the first trial. There were some statements by defense counsel, one in a question to a witness and one during closing argument, but there was no actual testimony about state or federal charges in Alabama. The jury did hang, and it was 11 to 1 in favor of conviction, and that site is 2 S.E.R. 353. And in the post-trial discussion with the jury, the jurors talked about how they were hung up on what the primary purpose of the travel was, what motivated Thompson to kill. Counsel, because of the limited time, let me just ask you this. Mr. Thompson's counsel refers to our Baer and Fuchs decisions as support for his argument that he was entitled to a sua sponte venue instruction and that it was plain error not to give one. What's the government's response to that? A couple of things, Your Honor. I don't believe that he was entitled to a sua sponte venue instruction here. The Fuchs case really is not on point for this particular issue. That was a conspiracy case where the most compelling overt acts in that case occurred outside of the statute of limitations, and the jury was not sua sponte instructed on the statute of limitations issue. Here, the venue instruction was not requested. It was not given, but the jury was required to find beyond a reasonable doubt that Thompson traveled from Arizona to Alabama to engage in illicit sexual conduct with these girls. What about the Baer case? The Baer case, Your Honor, opposing counsel cites that for the proposition that a district court is required to sua sponte instruct the jury on a specific defense, regardless of if it's requested. Baer, in that case, presented and relied on a public authority defense. He testified about it during trial, and it was extensively discussed during closing argument in that case. Here, there was no testimony about the venue issue specifically. There was no focus on it in closing at all during the second trial. And so in this case, Your Honor, that really is not applicable to So from the government's perspective, Fugue and Baer are easily distinguishable. That's correct, Your Honor. And finally, I'd just like to point out that while Thompson focuses repeatedly on the sexual acts that occurred in Alabama, that is not the heart of these charges. The heart of these charges were his intent in crossing state lines from Arizona to Alabama, and the Lukashov case is on point for that issue. And it holds that, it partly holds that mere crossing of a state line is sufficient to establish venue in any case where the offense involves crossing a state line. And so here, we have not just the interstate travel, but we also have the intent and the crossing of the state line that occurred in Arizona. And so under Lukashov, that is sufficient. And unless the panel has any other questions about the remaining issues, the government would submit. It appears not. Thank you. Thank you, counsel. Rebuttal. Just briefly, Your Honor. We do submit that the court had a duty to correspond to issue the venue instruction, and we do think that Baer and the Fugue's case, if I'm pronouncing it properly, do hold weight. They are each dealing with different defense theories, but in this particular case, it was very clear that the defense from nearly the outset of the very first, before the first trial, venue was a predominant issue. The court ultimately plainly erred in not doing that. I think the error is plain. I think it affects substantial rights. And I think we get to the fourth prong because of the fact that he would have an entirely different jury. And, again, I think that the fact that just the fact that Alabama has a different age of consent and we're talking about a reasonable belief and knowledge as to age, which was heavily contested in both trials, and these victims were, one, they had to amend the indictment because the original indictment was, the birthday was a certain date, and they amended the indictment to get away from that by one day because we're talking about a matter of hours as to victim J.D. 1. What's the government's response to, I mean, what's your response to the government's comment that the gravamen of these charges had to do with crossing interstate lines, had far less to do with the actual sexual activities that occurred in Alabama? Well, I think that the Lukachoff case involved, which they're relying on, involved actually a different set of facts as well because it involved continuous sexual abuse of a child while they were traveling across state lines. In this case, they're talking about purely the mindset. There was a lot of argument throughout this case where they don't, you know, Judge, we don't even need to have, we're not worried about the sex that occurred. Sure, we're going to present the fact that sexual intercourse took place because we think it's relevant, but those facts were, in their minds, not even necessary. We're talking purely about his mental state at the time that he crosses that border in Arizona, and the crux of the argument from the start for them and for us now was that that intent was insufficient at the time he left Arizona and especially at the J.D. 1. In view of the correspondence regarding the intent to engage in sexual activities, you don't think that was sufficient evidence of intent? The correspondence was, in some points, direct. In other points, it was a defense theory where both parties, and even through the testimony at trial, their victim, J.D. 2, who was also almost 16, was falling in love with this individual, and he was falling in love with her, and he suffered from a condition, which there was testimony about, that rendered him a much younger mental state. And so there was a naivety there that I think played a role here, and at other times they talked about the fact that he would wait to do that. And so we were in a flux of what the actual intent was as to J.D. 2. As to J.D. 1, we weren't. There was no communication in the record. There was four texts that started once he's in Alabama, and the court knows that you can't sever those apart now. If venue is improper as to J.D. 1, then we still need the relief sought. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for a decision by the court.
judges: TASHIMA, RAWLINSON, SMITH